

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00264-CV

IN **THE INTEREST OF N.M.H.**, J.K.H., and J.J.W., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA02357
John D. Gabriel Jr., Judge Presiding[1]

Opinion by:　Marialyn Barnard, Justice

Sitting:　　　Sandee Bryan Marion, Chief Justice
　　　　　　　Karen Angelini, Justice
　　　　　　　Marialyn Barnard, Justice

Delivered and Filed:　August 22, 2018

AFFIRMED

Appellant mother ("Mother") appeals the trial court's order terminating her parental rights

to her children, N.M.H., J.K.H. and J.J.W.[2]  On appeal, Mother contends the evidence is legally

and factually insufficient to support the trial court's finding that termination of her parental rights

is in the best interest of her children.  We affirm the trial court's order of termination.

### BACKGROUND

The Texas Department of Family and Protective Services (the "Department") became

involved with the family after Mother posted a video to Facebook showing herself and a cousin in

---

[1] The Honorable Michael E. Mery is the presiding judge of the 37th Judicial District Court, Bexar County Texas.  The Honorable John D. Gabriel Jr., retired, was sitting by assignment and signed the termination order at issue in this appeal.

[2] The trial court also terminated the parental rights of J.J.W.'s father and the unknown father of N.M.H. and J.K.H.  However, neither father filed a notice of appeal challenging the trial court's termination order.  Accordingly, they are not parties to this appeal.

a car smoking marijuana and drinking while N.M.H., J.K.H., and J.J.W. were in the back seat. At the time the Department investigation began, N.M.H. and J.K.H were fifteen months old and J.J.W. was three months old.[3]

The children were removed and placed with a foster family. The children remained with the foster family during the course of the investigation. After the removal, the Department created a service plan for Mother, requiring her to: (1) complete a drug assessment; (2) complete individual therapy; (3) complete a psychological evaluation and follow all recommendations based on the evaluation; (4) submit to all random drug tests; (5) maintain legal, verifiable employment and provide check stubs proving employment; (5) complete a parenting course; and (6) maintain safe, stable housing. The service plan goals required that Mother demonstrate a willingness and ability to protect her children, manage her anger, appropriately cope with daily stresses, and place the needs of her children before her own. Mother completed the mandated drug assessment and recommended outpatient drug treatment. She also completed individual therapy, a psychological evaluation, and a parenting course. However, Mother failed to comply with certain portions of her service plan. More specifically, Mother failed to follow recommendations made as a result of her psychiatric evaluation, did not provide proof of safe housing, failed to submit to some of the requested drug tests, tested positive for marijuana at her last random drug test — which was taken a week prior to trial, and provided only one employment paystub over the course of a year and a half. Ultimately, the Department filed a petition to terminate Mother's parental rights.

At the final hearing, the Department presented evidence in support of its petition seeking to terminate Mother's parental rights. The Department caseworker, Alkeshia Daniels, testified the Department's primary concerns with Mother were her continued drug use and her failure to comply

---

[3] N.M.H., J.K.H., and J.J.W. are Mother's three youngest children. There is evidence in the record to suggest Mother lost custody of her three older children.

with her psychiatrist's recommendations with regard to medication to treat her bipolar disorder. Ms. Daniels also stated the Department had considered returning the children to Mother, but decided against it after Mother was arrested for possession of marijuana and then later tested positive for marijuana use. Ms. Daniels opined it was in the best interests of the children for Mother's parental rights to be terminated.

The children's foster father also testified. He advised the court that the children were developmentally behind when they first came to live with his family. However, since the placement, they have shown great improvement and are now doing very well. He also stated he and his wife desire to adopt the children if Mother's parental rights are terminated.

Mother also testified, along with a one of her friends, Courtland. Both testified that although Mother had made poor decisions in the past, she had learned from her mistakes and desired and deserved to have her children returned.

At the conclusion of the hearing, the trial court terminated Mother's parental rights finding she: (1) failed to support her children in accordance with her ability; (2) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children; and (3) used a controlled substance in a manner that endangered the health or safety of her children and continued to use a controlled substance after completing a court-ordered substance abuse treatment program. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F), (O), (P) (West Supp. 2017). The trial court further found termination of Mother's parental rights would be in the best interests of the children. *See id*. § 161.001(b)(2). Based on its findings, the trial court rendered an order terminating Mother's parental rights. Thereafter, Mother timely perfected this appeal.

## ANALYSIS

On appeal, Mother does not challenge the evidence regarding the trial court's findings under section 161.001(b)(1) of the Texas Family Code ("the Code"). *See id.* § 161.001(b)(1)(F), (O), (P). Rather, Mother contends the evidence is legally and factually insufficient to support the trial court's finding that termination of her parental rights was in her children's best interests. *See id*. § 161.001(b)(2). According to Mother, the State ignored many of the *Holley* factors when presenting its case. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Mother states she has a strong bond with her children, never used drugs in the children's presence, never abused or neglected the children, and has a job and safe housing. Therefore, she argues, it is in the best interests of the children to return them to her.

### *Standard of Review*

A trial court may terminate a parent's rights to her children only if it finds by clear and convincing evidence that the parent committed an act prohibited by section 161.001(b)(1) of the Code and termination is in the best interests of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (b)(2). "Clear and convincing evidence" is defined as "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 101.007. Courts require this heightened standard of review because termination of a parent's right to her children results in permanent and severe changes for both the parent and children, thus, implicating due process concerns. *See In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014).

When reviewing the legal and factual sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency). In sum, an appellate court must determine whether the evidence is

such that a trier of fact could reasonably form a firm belief or conviction that termination of parental rights was in the child's best interest. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

In conducting a sufficiency review, we may not weigh a witness's credibility because it depends on appearance and demeanor, and these are within the domain of the trier of fact. *In re J.P.B.*, 180 S.W.3d at 573. Even when such issues are found in the appellate record, we must refer to the fact finder's reasonable resolutions. *Id.*

### *Best Interests — Applicable Law*

In a best interest analysis, we apply the non-exhaustive *Holley* factors. *See Holley*, 544 S.W.2d at 371–72. In analyzing the evidence within the *Holley* framework, we note that evidence of each *Holley* factor is not required before a court may find that termination is in a child's best interest. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). In other words, and contrary to Mother's argument in this case, the absence of evidence as to some of the *Holley* factors does not preclude a fact finder from reasonably forming a strong conviction or belief that termination is in the child's best interest. *See id.* Moreover, in conducting our review of a trial court's best interest determination, we focus on whether termination is in the best interest of the child — not the best interest of the parent. *In re D.M.*, 452 S.W.3d 462, 468–69 (Tex. App—San Antonio 2014, no pet.).

In addition to the *Holley* factors, we recognize there is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, promptly and permanently placing a child in a safe environment is also presumed to be in the child's best interest. TEX. FAM. CODE ANN. § 263.307(a). Thus, to determine whether a child's parent is willing and able to provide the child with a safe environment, we also consider the factors set forth in section 263.307(b) of the Code. *Id*. § 263.307(b).

Additionally, evidence that proves one or more statutory grounds for termination may be probative to prove termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 28 (holding same evidence may be probative of both section 161.001(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). In conducting a best interest analysis, a court may consider not only direct evidence, but circumstantial evidence, subjective factors, and the totality of the evidence. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). Finally, a trier of fact may measure a parent's future conduct by her past conduct in determining whether termination of parental rights is in the child's best interest. *Id*.

### *Application*

As indicated above, the trial court heard testimony from four witnesses at the final hearing: Ms. Daniels — the Department caseworker, the foster father, Mother, and Mother's friend, Courtland. The foster father testified the twins, N.M.H. and J.K.H., were approximately two and a half at the time of the final hearing; J.J.W., the youngest child, was one and a half years old. Thus, they are too young to express their desires with regard to conservatorship. *See* TEX. FAM. CODE ANN. § 263.307(b)(1) (child's age and physical and mental vulnerabilities); *Holley*, 544 S.W.2d at 371–72. However, when a child is too young or unable to express his desires, a fact finder may consider that he has bonded with his foster family, is well cared for by them, and has spent minimal time with the parent. *In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *In re J.M.*, 156 S.W.3d 696, 706 (Tex. App.—Dallas 2005, no pet.)); *In re U.P.*, 105 S.W.3d 222, 230 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Mother, Ms. Daniels and the foster father all testified Mother had a bond with her children. However, Ms. Daniels stated that although Mother was permitted visitation with her children twice a month by court order, she did not attend all of the visits afforded to her. According to Ms.

Daniels, some of the reasons Mother gave for not attending visits were that she did not want to have to take the children with her to a housing appointment or on the bus with her. This concerned Ms. Daniels because it demonstrated Mother's lack of ability to care for the children in everyday situations. Ms. Daniels and the foster father both testified that following visits with Mother, the children were often returned hungry, tired, dirty, and without proper attire for the weather conditions. The foster father further stated the children seemed agitated after visits with Mother.

On the other hand, the children are thriving in their foster home. The evidence shows the children are bonded with their foster family, including their foster parents and foster brothers. *See In re J.D.*, 436 S.W.3d at 118; *In re U.P.*, 105 S.W.3d at 230. The children have been with their foster family for more than half of their lives. *Id.* According to Ms. Daniels, the children see their foster parents as "mom" and "dad" and they are the ones the children turn to when they are hurt, crying, hungry, or sick. Ms. Daniels testified the children's current placement meets their physical and emotional needs. Ms. Daniels also stated the children are comfortable and safe with their foster family and if Mother's parental rights are terminated, she saw no reason they could not be placed permanently with the foster family.

Ms. Daniels also testified that Mother has not provided monetary support for the children since she took over the case. *See* TEX. FAM. CODE ANN. § 263.307(b)(12) (whether child's family demonstrates adequate parenting skills); *Holley*, 544 S.W.2d at 371-72. Mother provided only one paycheck stub to the Department. The paycheck stub was for a call-center job she started months after the children were removed. Prior to that, Mother had been generally unemployed or failed to provide paycheck stubs for the few sporadic jobs she claimed to have. Mother claims she recently leased a new apartment, but was unable to provide a copy of the lease or any other form of proof that she was leasing the property. *See Doyle v. Tex. Dep't of Protective & Regulatory Servs.*, 16 S.W.3d 390, 398 (Tex. App.—El Paso, 2000, pet. denied) (holding that parent's failure

to provide stable home and provide for child's needs contributes to finding that termination of parental rights is in child's best interest). This evidence demonstrates Mother's inability to maintain a stable home and provide economically for the children. *See Doyle*, 16 S.W.3d at 398; *In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.). On this basis, the trial court could have determined Mother lacks the abilities needed to parent her young children. *See Holley*, 544 S.W.2d at 371–72.

With regard to emotional and physical danger to the children, there is evidence Mother engaged in substance abuse, has not followed her psychiatrist's recommendations with regard to treating her bipolar disease, and has her phone number and photos posted on multiple escort websites. *See* TEX. FAM. CODE ANN. § 263.307(b)(6) (results of psychiatric or psychological evaluations of child's parents); *id* § 263.307(b)(8) (history of substance abuse by child's family); *id.* § 263.307(b)(10) (willingness and ability of child's family to accept and complete counseling services); *id.* § 263.307(b)(11) (willingness and ability of child's family to effect positive environmental and personal change); *Holley*, 544 S.W.2d at 371–72. Although Mother completed outpatient drug treatment, she was subsequently arrested for marijuana possession and thereafter tested positive for marijuana during a random drug test just a week before the final hearing. *See* TEX. FAM. CODE ANN. § 263.307(b)(8); *Holley*, 544 S.W.2d at 371–72; *In re L.R.G.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding that parent's drug use supports finding that termination is in child's best interest); *In re M.L.C.*, No. 04-17-00459-CV, 2017 WL 6597828, at *5 (Tex. App.—San Antonio Dec. 27, 2017, pet. denied) (mem. op.) (holding parent's criminal activities and history are relevant to best interest analysis). Moreover, the trial court could have reasonably determined that because of her drug use, Mother would be unable to properly care for her children. *See In re J.M.T.*, 519 S.W.3d 258, 269 (Tex. App.— Houston [1st Dist.] 2017, pet. denied) (stating parental drug use reflects poor judgement, which

demonstrates inability to provide adequate care for child); *In re E.D.*, 419 S.W.3d at 620 (highlighting that trial court may measure parent's future conduct by past conduct when making best interest determination); *see also* TEX. FAM. CODE ANN. § 263.307(b)(12) (whether child's family demonstrates adequate parenting skills). Thus, based on evidence of Mother's drug use and inability to complete important aspects of her service plan, the trial court could have reasonably determined termination was in the best interest of the children. *Id.*

Accordingly, after considering all the evidence in the light most favorable to the best interests finding, we conclude the trial court could have reasonably formed a firm belief or conviction that termination of Mother's parental rights was in her children's best interests. *See In re J.P.B.*, 180 S.W.3d at 573; *In re H.R.M.*, 209 S.W.3d at 108. Although Mother argues the Department failed to produce evidence as to each *Holley* factor, the law is clear that evidence of each *Holley* factor is not required before a court may find that termination is in a child's best interest. *See, e.g.*, *In re C.H.L.*, No. 04-17-00525-CV, 2017 WL 6597827, at *5 (Tex. App.—San Antonio Dec. 27, 2017, no pet.) (mem. op.) (citing *In re C.H.*, 89 S.W.3d at 27); *In re M.L.C.*, 2017 WL 6597828, at *3; *In re S.J.R.-Z.*, 537 S.W.3d 677, 691 (Tex. App.—San Antonio 2017, pet. denied) ("In fact, evidence of only one factor may be sufficient for a fact finder to reasonably form a firm belief or conviction that termination is in a child's best interest.); *see also In re C.H.*, 89 S.W.3d at 27.

In addition, Mother has not challenged the trial court's findings that she: (1) failed to support her children in accordance with her ability; (2) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her children; and (3) used a controlled substance in a manner that endangered the health or safety of her children and continued to use a controlled substance after completing a court-ordered substance abuse treatment program. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F), (O), (P). Although not

dispositive, grounds for termination are nevertheless probative on the issue of best interest. *In re C.H.*, 89 S.W.3d at 28. We therefore hold the evidence is sufficient to support the trial court's finding that termination of Mother's parental rights was in the best interests of her children.

## CONCLUSION

Based on the foregoing, we overrule Mother's sufficiency challenge. We affirm the trial court's termination order.

Marialyn Barnard, Justice